IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| MARY BROWN, o/b/o J.A. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:12-CV-141-CDL-MSH |
| | : | Social Security Appeal |
| CAROLYN W. COLVIN, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's[1] application for disability insurance benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review on behalf of Claimant under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v.*

---

[1] The Court will refer to Mary Brown as Plaintiff and to the minor child, J.A., as Claimant.

*Perales*, 402 U.S. 389, 401 (1971).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[2]  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth*, 703 F.2d at 1239.  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*  The initial burden of establishing disability is on the claimant.  *Kirkland v. Weinberger*, 480 F.2d 46, 48 (5th Cir. 1973) (per curiam).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).

In a case where a child claimant is seeking entitlement to Title XVI benefits, the following definition of disability applies:

> An individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

---

[2] Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

42 U.S.C. § 1382c(a)(3)(C)(i).  Therefore, eligibility depends upon the presence of "marked and severe functional limitations."  A sequential evaluation process is used to determine if the child meets the statutory definition of disability.  20 C.F.R. § 416.924, *et seq.*  Step one requires the ALJ to determine whether the child is engaging in substantial gainful activity.  If so, then the claim is denied.  Step two requires that the ALJ determine whether or not the child has a severe impairment or combination of impairments, defined as more than a slight abnormality and causing more than minimal functional limitations. If not, then the claim is denied.

Step three requires the ALJ to decide whether the impairment is medically or functionally equivalent to impairments described in the listings of the regulations.  To assess functional equivalence to a listed impairment, the ALJ must evaluate the level of the claimant child's ability to function in six domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being.  20 C.F.R. § 416.926a(b)(1)(i)-(vi).  If the child has "marked" limitations in two domains, or an "extreme" limitation in one domain, the child's impairment is the functional equivalent of the impairments listed in the Federal Regulations.  20 C.F.R. § 416.926a(a).  A limitation is "marked" when the child's impairment or impairments seriously interfere with his ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(2)(i).  When measured by standardized testing, a marked limitation is generally indicated by scores "at least two, but less than three, standard deviations below the mean."  *Id.*  An "extreme" limitation causes very serious

interference with the child's ability to independently initiate, sustain or complete activities and is usually associated with standardized test "scores that are at least three standard deviations below the mean." *Id.* § 416.926a(e)(3)(I).

A similar three-step process is used to evaluate whether a child claimant has experienced medical improvement such that he is no longer entitled to receive benefits. "[I]f [a claimant is] entitled to disability benefits as a disabled child, [his] continued entitlement to such benefits must be reviewed periodically." 20 C.F.R. § 416.994a. Section 416.994a, which regulates supplemental security income applications, provides the factors which must be considered in order to effect a valid cessation of Claimant's benefits. First, the ALJ must ascertain whether there has been any medical improvement by the Claimant. 20 C.F.R. § 416.994a(1). If Claimant's disability has not medically improved, the ALJ must consider the exceptions[3] to any medical improvement and whether one or more of these exceptions applies. *Id.* Where no medical improvement is found, the Plaintiff's benefits would continue. *Id.* If medical improvement as defined in 20 C.F.R. § 416.994a(c) exists, the ALJ moves to step two and determines whether Claimant's impairment "meets or medically or functionally equals the severity of the listing it met or equaled [before]." 20 C.F.R. § 416.994a(a)(1). If so, the ALJ must find Claimant still disabled unless one of the exceptions exists. If not, the ALJ moves to the final step and determines whether Claimant is currently disabled under 20 C.F.R. § 416.924(c) and (d). 20 C.F.R. § 416.994a(b)(3).

---

[3] The exceptions are found in 20 C.F.R. § 416.994a(e)-(f).

**Administrative Proceedings**

Plaintiff protectively filed Claimant's application for Supplemental Security Income (SSI) benefits on September 17, 2008. (Tr. 148-151.) Claimant alleges a disability onset date of September 1, 2004. (Tr. 172.) Claimant listed attention deficit hyperactivity disorder (ADHD) and oppositional defiant disorder (ODD) as his disabling impairments. (Tr. 172.) His application was denied initially and upon reconsideration. After an administrative hearing, the ALJ found Claimant not disabled in a decision dated March 14, 2011. (Tr. 21-34.) The Appeals Council thereafter denied Claimant's request for review. (Tr. 1-3.) This appeal followed.

**Statement of Facts and Evidence**

Following the hearing in this case, the ALJ concluded that Claimant had the severe impairments of ADHD and ODD, but that neither of these impairments, nor any combination, met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 24.) The ALJ next found that with regard to the six areas of functional equivalence, Claimant had no limitations in acquiring and using information, nor in health/physical well-being, nor in moving and manipulating objects, nor in the ability to care for himself, and less than marked limitations in the areas of attending and completing tasks and interacting and relating with others. Thus, the ALJ concluded that Claimant was not disabled within the meaning of the Social Security Act. (Tr. 34.)

# DISCUSSION

**I.    Did the ALJ err in determining that Claimant's limitations did not functionally equal any listing?**

Plaintiff first argues that the ALJ erred when it found that Claimant's impairments caused "less than marked" limitations in the domains of attending and completing tasks, and interacting and relating with others. (Pl.'s Br. 10.) Plaintiff specifically claims that the ALJ erroneously found that Claimant's medication eliminated his impairments, when the evidence showed Claimant had a "continued inability to focus and disruptive behavior," and had to discontinue his medication due to side effects. (*Id*.) Plaintiff points to Claimant's continued issues when on ADHD medication including "monthly warnings, bus suspensions, and in school suspensions." (*Id*. at 11.) Further, Plaintiff contends that the ALJ gave considerable weight to the opinions of Claimant's teachers but then found, contrary to the teachers' opinions, that Claimant had "less than marked" limitations in these domains. (*Id*. at 12.)

At step three of the sequential analysis, if the ALJ determines that a child claimant's severe impairments or combination of impairments do not meet or equal a listing, he will decide whether the impairment(s) results in limitations that functionally equal the listings. 20 C.F.R. § 416.926a. The Regulation further states that the ALJ will:

> assess the functional limitations caused by your impairment(s); i.e., what you cannot do, have difficulty doing, need help doing, or are restricted from doing because of your impairment(s). When we make a finding regarding functional equivalence, we will assess the interactive and cumulative effects of all of the impairments for which we have evidence, including any impairments you have that are not "severe." (See § 416.924(c).) When we assess your functional limitations, we will consider all the relevant factors in §§ 416.924a, 416.924b, and 416.929 including, but not limited to:

6

>(1) How well you can initiate and sustain activities, how much extra help you need, and the effects of structured or supportive settings (see § 416.924a(b)(5));
>(2) How you function in school (see § 416.924a(b)(7)); and
>(3) The effects of your medications or other treatment (see § 6.924a(b)(9)).

*Id.* In this case, the record reveals that the ALJ properly considered all of the relevant factors, and came to a resolution supported by substantial evidence as to both of the domains questioned by Plaintiff.

### A. Attending and completing tasks

The domain of attending and completing tasks "considers how well a child is able to focus and maintain attention, and how well he is able to begin, carry through, and finish activities, including the mental pace at which he performs activities and the ease of changing activities." (Tr. 29; 20 CFR 416.926a(h).)  Plaintiff asserts that the ALJ should have found Claimant to have at least a "marked" limitation.  A review of the record, however, shows that substantial evidence supports the ALJ's conclusion that Claimant's limitation in this area is "less than marked."

In his decision, the ALJ discussed the relevant evidence of Claimant's symptoms in this domain.  The determination of a less than marked limitation is based on two major pieces of evidence.  First, the ALJ notes that Claimant "is on medication for ADHD, and receives counseling for issues related to the oppositional defiant disorder.  The records consistently note positive progress with the medication, with improving grades, improved attention and focus, and fewer behavioral problems at school," as documented by Claimant's doctors.  (Tr. 30.)  Secondly, the ALJ put particular emphasis on the

testimony of Claimant himself who stated that part of the problem is that his school work is just hard, and he does not understand the material. (Tr. 30, 60.) Further, he has tried to stay after school to get a better understanding, but "they teach it the same way as in class and I don't understand it." (Tr. 30, 60.) Claimant's statements in this regard are corroborated by the teacher progress notes attached to the record. (Tr. 428-440.)

Plaintiff argues, however, that the ALJ has disregarded other important evidence which overcomes the noted progress while on medication, and Claimant's testimony. (Pl.'s Br. 10.) According to Plaintiff, that evidence includes medical records that show the medication did not eliminate Claimant's marked limitations, he continued to have disciplinary and classroom problems throughout the documented period, and Claimant's mother's report that Claimant has difficulty finishing things he starts, completing homework, and completing chores. (Pl.'s Br. 11; *citing* Tr. 309-13, 268-74.)

Plaintiff's contentions are unfounded regarding this evidence. As to each piece of evidence, the ALJ properly noted it and factored it into her decision. The ALJ went through the timeline of Claimant's treatment history and noted that although some problems persisted, Claimant had improved over time with medication and counseling, which was supported by substantial evidence in the medical records. (Tr. 25-26.) Many of the issues that Plaintiff cites as proof that the medication was not working occurred at times when Claimant was either not attending counseling sessions, or prompted changes to medication which were followed by documented improvements in behavior. (*Id*.) Furthermore, as of the latest assessment by Claimant's doctors before the ALJ hearing, Claimant had improvement in the ADHD and ODD on his latest medication, which was

helping with focus and attention, and a return to counseling.  (Tr. 26, 361.)  *See Bryant v. Soc. Sec. Admin.*, 478 F. App'x 644, 646 (11th Cir. 2012) (affirming finding that substantial evidence supported the Commissioner's decision where child claimant showed improvement on medication and claimant's actions at the ALJ hearing supported the finding of less than marked limitations in attending and completing tasks).

The ALJ also properly considered and discounted the testimony of Plaintiff, Claimant's mother.  The ALJ discussed the child function report made by Claimant's mother, with whom Claimant does not live and only visits occasionally on weekends, in which she stated that Claimant could not understand, carry out or remember simple instructions, and had trouble completing homework on time.  (Tr. 27, 162-63.)  However, as the ALJ correctly pointed out, this report was completed in September 2009, which, according to the medical records, falls within a period of decreased effectiveness of Claimant's medication, which was changed shortly thereafter, and when Claimant had discontinued counseling.  (Tr. 27.)  The ALJ properly discounted this report as not indicative of the Claimant's true limitations.

Finally, Plaintiff's contention that the ALJ disregarded the problems documented by Claimant's teachers is also unfounded.  The ALJ discussed the documented continuing issues described by Claimant's teachers, but appropriately found that the issues discussed had improved over time with medication and counseling to the point that they failed to rise to the level of "marked" limitations when the record is viewed as a whole.  (Tr. 28.)  This determination is likewise supported by substantial evidence in the record as a whole and, therefore, Plaintiff's first enumeration of error fails.

### B.     Interacting and relating with others

Plaintiff also argues that the ALJ erred in determining that Claimant has a "less than marked" limitation in the domain of interacting and relating with others. (Pl.'s Br. 14-15.)  This domain considers how well a claimant initiates and sustains emotional connections with others, develops and uses the language of his community, cooperates with others, complies with rules, responds to criticism, and respects others' possessions. *See* 20 C.F.R. § 416.926a(i).  In this domain, as in the above, the ALJ found that the record reflects some degree of limitation, but that it does not rise to the level of "marked." (Tr. 31.)  As to this area, Plaintiff argues that the ALJ's "less than marked" finding is contrary to the evidence which shows that Claimant has few friends, spends most of his time alone, has a problem controlling his anger, gets into fights with other children, and does not show respect to adults in authority. (Pl.'s Br. 15-16.)

For the domain of interacting and relating with others, the ALJ properly considered all of the evidence in the record and concluded that it showed Claimant had a "less than marked" limitation.  This determination was based on the record as a whole and is supported by substantial evidence.  The ALJ clearly noted the facts that Plaintiff has cited.  She noted Claimant's testimony that he has some friends at school, but prefers to be alone because some people aggravate him. (Tr. 31.)  The ALJ also noted that Claimant's school disciplinary record reflects numerous fights and disagreements with other children. (*Id.*)  Further, she noted the reports of Claimant's teachers and doctor who described his limitations in respecting and obeying adults in authority, following rules, and inappropriately seeking attention. (*Id.*)  However, these factors were not

enough to push the limitation to the "marked" level when these reports were coupled with the Claimant's own testimony that he does have friends and siblings that he interacts with, and that it is often talking with his friends that gets him into trouble in class. (*Id.*) Further, the ALJ found that Claimant has no difficulty communicating with others or speaking intelligibly. (*Id.*) Therefore, the ALJ clearly articulated her findings with regard to this domain, and her determination that Claimant has less than marked limitation in interacting and relating with others is supported by substantial evidence. Plaintiff's second enumeration of error also fails.

## II.     Did the Appeals Council err in denying review of newly submitted evidence?

Plaintiff next argues that the Appeals Council ("AC") committed reversible error when it denied review of evidence Claimant submitted following the ALJ's unfavorable decision. (Cl.'s Br. 16.) The Regulations state that the Appeals Council will review an ALJ's decision only when it determines after review of the entire record, including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record. 20 C.F.R. § 404.970(b). New evidence presented to the Appeals Council must relate to the period on or before the ALJ's hearing decision. (*Id.*) In the case at bar, the Appeals Council received the new evidence and considered it, but determined that the evidence did not provide a basis for changing the final decision of the ALJ.

When the Appeals Council has denied review of new evidence properly presented, a reviewing court must consider whether the denial of benefits is supported by substantial evidence in the record as a whole, including the evidence submitted to the Appeals

11

Council. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262, 1266-67 (11th Cir. 2007). "[A] sentence six remand is available when evidence not presented to the Commissioner at any stage of the administrative process requires further review." *Id.* To show that a sentence six remand is needed, "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

Here, the Appeals Council accepted new evidence in the form of a medical opinion from Claimant's psychiatrist, Dr. Hernandez, dated June 8, 2012. (Tr. 441-47.) The Appeals Council considered the evidence but found that it did not provide a basis for changing the ALJ's decision. Thus, the Appeals Council denied review.

### A. Appeals Council's Failure to State its Reasons for Denying Review

A review of the relevant Regulations, at 20 C.F.R. § 416.1470, reveals that the Appeals Council is not required to articulate its reasons for denying review of an ALJ's findings. The Eleventh Circuit has held in several cases[4] that the Appeals Council was not required to explain its denial of a claimant's request for review of an ALJ's findings. With regard to Claimant's reliance on *Flowers v. Astrue,* 441 F. App'x 735, 745 (11th Cir. 2011), which was remanded to the district court for the Appeals Council's failure to

---

[4] *Burgin v. Comm'r of Soc. Sec.*, No. 10-13394, 2011 WL 1170733 at *2 (11th Cir. Mar. 30, 2011) ("[T]he Appeals Council was not required to explain its denial of review."); *Mansfield v. Astrue,* No. 09-15750, 2010 WL 3401634, at *2 (11th Cir. Aug. 31, 2010); *Robinson v. Astrue*, No. 09-12472, 2010 WL 582617, at *3 (11th Cir. Feb. 19, 2010); *Barclay v. Soc. Sec.*, No. 07-12960, 2008 WL 649184, at * 4 (11th Cir. Mar. 12, 2008).

articulate its reasons for denying review of an ALJ's decision based on new evidence, it is found that the case relied on by the Eleventh Circuit in *Flowers*, *Epps v. Harris*, 624 F.2d 1267 (5th Cir. 1980), predated a decision by the Social Security Commissioner to suspend the requirement that the Appeals Council discuss its reasons for denying review. *See* HALLEX section I-3-5-90, 2001 WL 34096367; *Higginbotham v. Barnhart*, 405 F.3d 332, 335 n.1 (5th Cir. 2005) (acknowledging that the Commissioner suspended the requirement of a detailed discussion of additional evidence). As such, the Plaintiff's reliance on the ruling in *Flowers* is misplaced.

### B. Review of the New Evidence

Plaintiff also argues that the newly submitted evidence would have changed the ALJ's mind on the issue of Claimant's disability. (Pl.'s Br. 17.) Plaintiff argues that the newly presented evidence is both new and material. Thus, Plaintiff contends that the Appeals Council erred in denying review. (*Id.*)

After review of the newly submitted evidence, it is found that this evidence is cumulative and would not likely change the ALJ's decision. The Regulations state that the opinions of a claimant's treating physician on an issue such as whether an impairment meets or equals a listing are to be considered "opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. § 416.927(d); *see* SSR 96-5p, 1996 WL 374183; *Bell v. Bowen*, 796 F.2d 1350, 1353-54 (11th Cir. 1986). Such opinions cannot be given controlling weight because this would in effect give the treating source the authority to make the ultimate disability determination, which

13

is the statutory responsibility of the Commissioner. SSR 96-5p; *see* 20 C.F.R. § 416.927(d)(3); *Bell*, 796 F.2d at 1353-54.

Giving the newly submitted evidence the proper weight, it is clear that the evidence is cumulative and would not change the ALJ's decision. Although the opinion states that Claimant has marked limitations in the two areas discussed above, the opinion actually lends support to the ALJ's decision. Dr. Hernandez indicates in the opinion that Claimant's limitations in both domains would be diminished to a less than marked level of functioning upon Claimant's continued use of his prescribed medication and participation in counseling. (Tr. 443.) Claimant's positive progress in these areas while on his medication was a major factor in the ALJ's decision, and the new evidence further supports this conclusion. Therefore, the newly submitted evidence is unlikely to have changed the ALJ's decision, and thus the AC's denial of review was not in error.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is RECOMMENDED that the Commissioner's decision in this case be affirmed. Under 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this, the 4th day of October, 2013.

/s/ STEPHEN HYLES
UNTED STATES MAGISTRATE JUDGE